United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>PEDRO ALCAZAR,<br>　　　　Defendant.　　　　　　　／ | No. CR 06-00298 CRB<br>**ORDER** |

　　　　On June 7, 2006, Defendant entered a plea of guilty to one count of illegal reentry, in violation of 8 U.S.C. 1326. Under a plea agreement, Defendant waived the right to file any motion under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. The sentencing guidelines applicable to Defendant's case called for a sentence of 46 to 57 months. The government recommended a sentence of 51 months. The Court imposed a sentence of 30 months based on the unique circumstances of this case.

　　　　Now pending before the Court is a motion submitted by Defendant in which he requests a reduction of up to two points in the level of his sentence. To the extent that Defendant is requesting an adjustment to his sentence, this Court no longer enjoys jurisdiction to grant such relief. See Fed. R. Crim. P. 35(a); see also United States v. Penna, 319 F.3d 509, 510- 12 (9th Cir. 2003); United States v. Barragan-Mendoza, 174 F.3d 1024, 1029 (9th Cir. 1999).

To the extent that Defendant seeks relieve for a violation of his constitutional rights pursuant to 28 U.S.C. § 2255, he waived the ability to pursue such habeas relief in his plea agreement.  Further, the Court's failure to award a reduction two-level reduction in Defendant's sentencing level does not constitute a violation of his right to due process, since such a reduction is wholly dependent upon a motion by the government.  Finally, any failure by the government or the Court in failing to award such a reduction would be harmless error in light of the Court's downward departure in this case.  Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 25, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE